## M. Frank Curley, Appellee, v. City of Highwood, Appellant.

### Gen. No. 6,494.   (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 9, 1918. Rehearing denied May 14, 1918.

### Statement of the Case.

Action by M. Frank Curley, plaintiff, against City of Highwood, defendant, to recover damages sustained due to overflow from a catch basin of defendant's sewer. From a judgment against it for $700, defendant appeals.

O. S. GOOCH and GEORGE W. FIELD, for appellant.

E. V. ORVIS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. DAMAGES, § 192*—*when must be left to discretion of jury.* There is no fixed rule for the determination of damages for physical discomfort and deprivation of enjoyment of a home, due to overflow from the manhole of a city sewer, but the amount must be left largely to the sound judgment and discretion of the jury.

2. MUNICIPAL CORPORATIONS, § 1115*—*when landowner may recover damages for injury due to overflow from sewer.* A landowner may recover damages in consequence of the construction of a sewer where noxious substances flow from a manhole, near his premises during heavy rains, render the air unwholesome and offensive, and annoy and injure him.

3. APPEAL AND ERROR, § 1308*—*when presumed that all elements of injury proved came within purview of declaration.* It will be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

presumed, in an action by a landowner against a city to recover damages for injury due to overflow from a sewer, that all the elements of injury proved came within the purview of the declaration, where the declaration is not set out in the abstract.

4. INSTRUCTIONS, § 135*—*non-necessity of offering.* A party plaintiff is not required to offer any instruction relating to the measure of damages.

5. APPEAL AND ERROR, § 892*—*when error in instruction will not be reviewed.* Where the declaration, in an action by a property owner against a city for damages for injury due to overflow from a sewer, is not included in the abstract, any error in an instruction will not be reviewed, if reference to the declaration is necessary.

6. MUNICIPAL CORPORATIONS, § 1115*—*when verdict for damage due to overflow of sewer not excessive.* A verdict for $700 for physical discomfort and loss of crops due to the overflow of a sewer in time of heavy rains, *held* not excessive.

7. APPEAL AND ERROR, § 810*—*what must be part of bill of exceptions.* Questions concerning affidavits, which are filed in connection with a motion for a new trial, cannot properly be passed upon where the affidavits are not a part of the bill of exceptions.

### ON PETITION FOR REHEARING.

TRIAL—*when misconduct of plaintiff before hearing of testimony should be brought to attention of trial court.* The misconduct of a party plaintiff, in an action by a landowner against a city for damages for injury due to overflow from a sewer, before the hearing of any testimony and at the time the jury are viewing the premises should, where the defendant's officers have knowledge of the fact at the time, be brought to the attention of the court by a motion to discharge the jury or in some other manner, and the defendant may not wait until an unfavorable verdict is returned and then complain.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.